[672 NYS2d 366]

In the Matter of JOSEPH S. DORNBUSH, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 27, 1998

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty, Jr.,* Syosset (*Nancy Bolger* of counsel), for petitioner.

*Jones, Day, Reavis & Pogue,* New York City (*Michael S. Chernis* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition dated November 15, 1995, containing one charge of professional misconduct. After a hearing, the Special Referee sustained the charge. The Grievance Committee moved to confirm the Special Referee's report. The respondent submitted an affirmation joining in the Grievance Committee's motion to confirm and requesting that the Court impose a sanction against him no more severe than a censure. The motion to confirm has been held in abeyance awaiting the respondent's sentencing in Federal court.

Charge One alleged that the respondent has been convicted of a serious crime pursuant to Judiciary Law § 90 (4) (f). The respondent was the subject of a criminal information filed in the United States District Court for the Eastern District of New York. Counts Seven, Eight, Nine, and Ten of that information involved 26 USC § 7203 and 18 USC § 3551 *et seq.* in that respondent knowingly and willfully failed to make and file income tax returns for the taxable years 1988, 1989, 1990, and 1991, respectively. According to the criminal information filed against him, the respondent had taxable income for those years as follows:

|      |           |
|------|-----------|
| 1988 | $135,224. |
| 1989 | 216,132.  |
| 1990 | 219,412.  |
| 1991 | 267,966.  |

On April 12, 1995, the respondent appeared in the United States District Court for the Eastern District of New York before the Honorable Sterling Johnson, Jr., and pleaded guilty to Counts Seven, Eight, Nine and Ten.

The respondent knew or should have known that in committing the aforesaid acts that he was guilty of professional misconduct within the meaning of 22 NYCRR 691.2.

Based on the evidence adduced and the respondent's failure to contest the allegations of the petition, the Grievance Committee's motion to confirm is granted.

In determining an appropriate measure of discipline to impose, we have considered the remorse expressed by the respondent, the period of time that has elapsed since his guilty

plea, and his written waiver of any and all objections to the Court's imposition of a final sanction. Under these circumstances, particularly the written waiver of objections to the Court's imposition of a final sanction, the respondent is reinstated to practice and censured for his professional misconduct.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and KRAUSMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent is reinstated to the practice of law, and is hereby censured for his professional misconduct.